**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

Eastern District of Kentucky
FILED
OCT 28 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

DAVID PAUL MONTES, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

WHITE SHORE FUNDING, LLC

Defendant.

Case No. 5:26-CV-434-SCM

CLASS ACTION COMPLAINT
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. David Paul Montes ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that White Shore Funding, LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls to those who had asked not to be contacted.

## **Parties**

4. Plaintiff is a natural person.

5. Defendant is a limited liability company headquartered in Lexington, Fayette County, Kentucky, which is located within this District.

## Jurisdiction & Venue

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant because Plaintiff resides in this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.

13. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7). Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6). This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**Factual Allegations**

17. Plaintiff is, and at all times mentioned herein was, a natural person.

18. Plaintiff's telephone number, (305) XXX-XXXX, is a non-commercial telephone number.

19. Plaintiff uses the telephone number for personal, residential, and household purposes.

20. The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

21. Plaintiff's telephone number has been listed on the National Do Not Call Registry since June 2014.

22. Despite this, from December 16, 2025 to February 13, 2026, Plaintiff received at least 37 calls and text message calls from Defendant from various caller IDs, including 234, 502 and 912-XXX-XXXX telephone numbers.

23. On January 21, 2026, Plaintiff explicitly revoked any presumed consent by replying to Defendant's texting platform stating "please don't call or text.:"




24. Despite this request, Defendant made 28 calls and text message calls to Plaintiff, constituting willful violations of the TCPA.

25. Screenshots of some of the text messages are provided below:



Tuesday, Jan 27 • 3:45 PM

Hey David - double checking to see if you got my email the other day- it came from kim@whitehorefunding.com. As soon we get your information, we'll determine what you qualify for. let me know when you submit. thanks Kim

Wednesday, Jan 28 • 2:33 PM

Hey Dave - Need the questionnaire completed to move forward. It takes about 4 minutes, and once it's done I can confirm what you qualify for.Can you get that done today or tomorrow? Kim email came from kim@whiteshorefunding.com

Hey Dave - You expressed interest in additional capital for your business. We have viable options. What's the best email to send a quick form to, or can you talk now? Kim I 502-558-9677

Wednesday, Jan 28 • 3:58 PM

SORRY DAVID - I didn't mean to send that last text - pls check your email - I sent you the short questionnaire the other day. put my name at the top - Kim Strong so I see it as soon as you send it. let e know.

Monday, Feb 9 • 1:06 PM

Hey David - I resent my email so you have it at the top of your inbox. Once I have your response, we can determine what you qualify for. it came from kim@whiteshorefunding.com let me know. You're still wanting capital for your business, correct? kim

Wednesday, Feb 11 • 4:03 PM

Hey David - are you still wanting capital for your business? Checking in on the email I sent you - as soon as we get that questionnaire completed, we can determine your approval. Thanks, Kim btw, it came from kim@whiteshorefunding.com

Thursday, Feb 12 • 1:30 PM

David - Send the completed app back today and I'll have an offer within 24 hrs. Funds can wire as soon as you accept. - Kim kim@whiteshorefunding.com

26. The calls and text message calls were sent to promote the Defendant's financing products and services.

27. Plaintiff never consented to receive calls or text message calls from Defendant.

28. Plaintiff never knowingly provided Defendant with his telephone number.

29. Moreover, Plaintiff requested Defendant stop and his request was ignored.

30. The messages were sent for the purpose of encouraging the purchase of Defendant's products and services.

31. Despite Plaintiff's number being registered on the National Do Not Call Registry, Defendant continued to send text message calls and voice calls to Plaintiff thirty-one or more days after the registration.

32. Plaintiff never consented to receive voice calls and text message calls from Defendant.

33. Plaintiff never requested that the voice calls and text message calls continue.

34. In fact, Plaintiff requested that they stop.

35. These requests were ignored.

36. The calls were unwanted.

37. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's telephone.

38. The calls occupied Plaintiff's storage, bandwidth, and disrupted Plaintiff's daily activities.

39. Plaintiff found the messages frustrating, annoying, and intrusive.

40. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his telephone number.

41. The calls were sent to generate sales, increase traffic to Defendant's website and store, and promote Defendant's products.

42. Defendant used its trade name, branding, promotional language, and email links in the calls.

43. Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

44. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted voice and text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his telephone number.

## Class Action Statement

45. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

47. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

48. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

49. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

52. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

54. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

57. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. Whether Defendant's conduct constitutes a violation of the TCPA; and

d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

59. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

60. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

61. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

62. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

65. Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An order enjoining Defendant from placing calls without due registration in the future;

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Plaintiff,
By Counsel,

Dated: October 21, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687 (*Subject to PHV*)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiffs*